1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HARVEY EUGENE LARSON,

11              Plaintiff,                      No. CIV S-07-1955 LEW GGH P

12        vs.

13   MCDONALD,

14              Defendant.                ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1   and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2   plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3          The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint, or portion thereof, should only be dismissed for failure to state a

17  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

19  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

20  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

21  a complaint under this standard, the court must accept as true the allegations of the complaint in

22  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

23  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

24  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25         The only named defendant is Warden McDonald of High Desert State Prison

26  (HDSP).  Plaintiff alleges that defendant McDonald is transferring inmates from the B-yard at

2

1   HDSP to another prison.  Plaintiff alleges that this transfer is being made "in retaliation of a few

2   inmates disrupting the institution."  Plaintiff alleges that this transfer violates his right to due

3   process as well as the Equal Protection Clause.

4            Plaintiff's claim that he is being transferred to a new prison because of the

5   misconduct of a few inmates does not state a cognizable claim.  Olim v. Wakinekona, 461 U.S.

6   238, 244-45, 103 S.Ct. 1741 (1983)(no constitutional right to be housed in any particular prison).

7   Accordingly, plaintiff's complaint is dismissed with leave to amend.

8            If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

9   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

10  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

11  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

12  there is some affirmative link or connection between a defendant's actions and the claimed

13  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

14  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

15  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

16  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

18  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

19  amended complaint be complete in itself without reference to any prior pleading.  This is

20  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

21  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

22  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

23  original complaint, each claim and the involvement of each defendant must be sufficiently

24  alleged.

25           In accordance with the above, IT IS HEREBY ORDERED that:

26           1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

1          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

2    The fee shall be collected and paid in accordance with this court's order to the Director of the

3    California Department of Corrections and Rehabilitation filed concurrently herewith.

4          3.  The complaint is dismissed for the reasons discussed above, with leave to file

5    an amended complaint within thirty days from the date of service of this order.  Failure to file an

6    amended complaint will result in a recommendation that the action be dismissed.

7    DATED:  12/10/07

                             /s/ Gregory G. Hollows

8                                 _____

                             UNITED STATES MAGISTRATE JUDGE

9    lar1955.b

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26