**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

```
HARVEY EUGENE LARSON,         )    2:07-cv-01955-HDM-RAM
                              )
          Plaintiff,          )
                              )    ORDER
vs.                           )
                              )
MCDONALD, et al.,             )
                              )
          Defendants.         )
_____)
```

The court has before it the findings and recommendations of the magistrate judge dated July 22, 2008 (#25), in which the magistrate judge recommends this action be dismissed with prejudice because the second amended complaint does not state a colorable claim for relief. For the reasons discussed below, this court adopts in part and modifies in part the magistrate judge's recommendation.

Plaintiff filed his original complaint in this action on September 19, 2007. On December 10, 2007, the magistrate judge

1  dismissed the complaint and granted plaintiff leave to file an
2  amended complaint.  Plaintiff filed his amended complaint on April
3  30, 2008.  On May 27, 2008, the magistrate judge dismissed the
4  complaint and granted plaintiff leave to file a second amended
5  complaint.  The plaintiff filed his second amended complaint on
6  June 20, 2008.  On July 22, 2008, the magistrate judge recommended
7  dismissing the second amended complaint.  On August 15, 2008,
8  instead of filing objections to the magistrate judge's
9  recommendations and without securing leave of court, the plaintiff
10 filed a third amended complaint in which he expands on his original
11 complaint and alleges for the first time that he is a drug addict
12 who requires a drug treatment program and that defendants have
13 transferred him to a facility that does not have any such program.
14 The record reflects that none of the defendants have been served in
15 this action.

16      To the extent that what is denoted as plaintiff's third
17 amended complaint is in fact an attempt by plaintiff to file an
18 amended complaint, the complaint is stricken for having been filed
19 without leave of court.  "A party may amend its pleading *once* as a
20 matter of course . . . before a responsive pleading is served."
21 Fed. R. Civ. P. 15(a) (emphasis added).  To amend a complaint after
22 that, the plaintiff must secure leave of court or the written
23 consent of the adverse party.  *Ascon Properties, Inc. v. Mobil Oil*
24 *Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

25      To the extent plaintiff has moved to amend his complaint, the
26 motion is denied.  While leave to amend should be "freely give[n] .
27 . . when justice so requires," Fed. R. Civ. P. 15(a), the court
28 need not grant leave where it "would cause the opposing party undue

2

prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Further, the court has particularly broad discretion to deny leave to amend where the plaintiff has previously amended the complaint. *Id.* Plaintiff has already twice amended his complaint, and none of his earlier complaints raised his status as a drug addict or his being transferred to a facility that does not have a drug treatment program. Plaintiff's failure to raise or even suggest the claim for nearly a year after filing his original complaint constitutes undue delay.

In striking the third amended complaint as having been filed without securing leave of court and denying the motion to amend, the court expresses no opinion with respect to the viability of any additional claims the plaintiff may have set forth in his third amended complaint.

Accordingly, the court adopts the recommendations of the magistrate judge and dismisses this action with prejudice.

**IT IS SO ORDERED.**

DATED: This 7th day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE

3